| Form B1 | UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION | VOLUNTARY PETITION |
|---|---|---|

| Name of Debtor (If individual, enter Last, First, Middle): <br> Rayford, Steven | Name of Joint Debtor (Spouse)(Last, First, Middle): <br> None. |
|---|---|
| All Other Names used by the Debtor in the last 6 years <br> (include married, maiden, and trade names): <br> None. | All Other Names used by the Joint Debtor in the last 6 years <br> (include married, maiden, and trade names): <br> None. |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): <br> 0499 / No TIN. | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): <br> None. / None. |
| Street Address of Debtor (No. & Street,City,State & Zip Code): <br> 9135 S. Yates <br> Chicago, IL 60617 | Street Address of Joint Debtor (No. & Street,City,State & Zip Code): <br> None. |
| County of Residence or of the <br> Principal Place of Business: Cook | County of Residence or of the <br> Principal Place of Business: None. |
| Mailing Address of Debtor (If different from street address): <br> None. | Mailing Address of Joint Debtor (If different from street address): <br> None. |
| Location of Principal Assets of Business Debtor <br> (If different from address noted above): | |

**INFORMATION REGARDING DEBTOR (Check the Applicable Boxes)**

**Venue (Check any applicable box)**
■ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) <br> ■ Individual(s) | Chapter or Section of Bankruptcy Code Under Which <br> the Petition is Filed (Check one box) <br> ■ Chapter 13 |
|---|---|
| Nature of Debts (Check one box) <br> ■ Consumer/Non-Business | Filing Fee (Check one box) <br> ■ Full Filing Fee attached. |
| Chapter 11 Small Business (Check all boxes that apply) <br> ☐ Debtor is a small business as defined in 11 USC Sec. 101. <br> ☐ Debtor is and elects to be considered a small business under defined in 11 USC Sec. 1121(e) (Optional) | |

| Statistical/Administrative Information (Estimates only) <br> ☐ | |
|---|---|
| Estimated Number of Creditors ☐ | |
| Estimated Assets ☐ | |
| Estimated Debts ☐ | |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 06/08/2004
Time: 15:18:47
Debtor: STEVEN RAYFORD
Case: 04-21957    Fee : 194
Chapter: 13 Rec. # : 3084856
Judge: Jack Schmetterer
341 mtg: 07/20/2004 @ 12:30PM
ConfHrg: 08/04/2004 @ 12:30PM
Trustee: TOM VAUGHN

1:04BK21957-BK001

| Voluntary Petition | Name of Debtor(s): | Form B1, Page 2 |
|---|---|---|
| *(This page must be completed and filed in every case)* | Steven Rayford | |

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed: None. | Case Number: None. | Date Filed: None. |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** <br> **(If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: None. | Case Number: None. | Date Filed: None. |
| District: None. | Relationship: | Judge: None. |

## SIGNATURES

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Steven Rayford_
Signature of Debtor, Steven Rayford

X _____
Signature of Joint Debtor,

Telephone Number (If not represented by an attorney):

Date: 6-7-04

### EXHIBIT A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11.)
☐ Exhibit "A" is attached and made a part of this petition.

### EXHIBIT B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)
I, the attorney for the petitioner(s) named in the foregoing petition, declare that I have informed the petitioner(s) that (he, she or they) may proceed under chapter 7, 11, 12 or 13 of Title 11, UNITED STATES CODE, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

### EXHIBIT C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit "C" is attached and made a part of this petition.
■ No.

### Signature of Attorney

X _Ricardo L. Tate_
Signature of Attorney for Debtor(s)
RICARDO L. TATE
Printed Name of Attorney for Debtor(s)
RICARDO L. TATE
Firm Name
70 WEST MADISON STREET, SUITE 1400
CHICAGO, IL 606012
Address
Telephone No.: (312) 214-3249
ARDC# 3127732
Date: 6-7-04

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date:

### Signature Of Non-Attorney Bankruptcy Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. Sec. 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. Sec. 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

Date: _____

A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. Sec. 110 and 18 U.S.C. Sec. 156.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In re    Steven Rayford,

Debtor(s).

Case No.

Chapter 13

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED | # SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0.00 | | |
| B - PERSONAL PROPERTY | YES | 2 | $6,405.00 | | |
| C - PROPERTY CLAIMED AS EXEMPT | YES | 2 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 1 | | $16,187.99 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS | YES | 1 | | $0.00 | |
| F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS | YES | 2 | | $6,985.19 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 1 | | | |
| H - CODEBTORS | YES | 1 | | | |
| I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | YES | 1 | | | $2,001.52 |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | YES | 1 | | | $1,722.00 |
| Total Number of Sheets in ALL Schedules ▸ | | 13 | | | |
| Total Assets ▸ | | | $6,405.00 | | |
| Total Liabilities ▸ | | | | $23,173.18 | |

In re    Steven Rayford,                                    Case No.

                    Debtor(s).                      Chapter 13

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife or both own the property by placing an "H," "W," "J," or "C" in the column labeled "H, W, J or C." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTIONS | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None. | | | | 0.00 |
| | | | TOTAL ▸   $0.00 | |

SCHEDULE A - REAL PROPERTY  1 - 1

In re     Steven Rayford,                                    Case No.

                    Debtor(s).                    Chapter 13

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "H, W, J or C."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | N o n e | DESCRIPTION AND LOCATION OF PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | H | $15.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Basic furniture | H | $500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Necessary clothing | H | $300.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh or other pension or profit-sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |
| 18. Equitable or future interests, life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims or the debtor and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises and other general intangibles.  Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | 1992 Plymouth Voyager<br>1993 Chevrolet Lumina | H<br>H | $1,750.00<br>$3,840.00 |
| 24. Boats, motors and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings and supplies. | X | | | |

**SCHEDULE B - PERSONAL PROPERTY  1 - 2**

In re  Steven  Rayford,                              Case No.

                              Debtor(s).

        Chapter 13

                          SCHEDULE B - PERSONAL PROPERTY
                              (Continuation Sheet)

| | TYPE OF PROPERTY | None | DESCRIPTION AND LOCATION OF PROPERTY | H W J or C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 27. | Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. | Inventory. | X | | | |
| 29. | Animals. | X | | | |
| 30. | Crops - growing or harvested.  Give particulars. | X | | | |
| 31. | Farming equipment and implements. | X | | | |
| 32. | Farm supplies, chemicals and feed. | X | | | |
| 33. | Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | | Total ▸ | $2,565.00 |

**SCHEDULE B - PERSONAL PROPERTY  2 - 2**

In re     Steven  Rayford,                              Case No.

                    Debtor(s).                Chapter 13

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which the debtor is entitled under

☐ 11 U.S.C. 522(b)(1) Exemptions provided in 11 U.S.C. 522(d).  Note:  These exemptions are available only in certain states.

■ 11 U.S.C. 522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Residential Homestead to $7500 | 735 ILCS 5/12-901 | | |
| Surviving Spouse/Child Homestead | 735 ILCS 5/12-902 | | |
| Husband/Wife Homestead to $15000 | FNB v. Mohr, 515 NE2d 1356 (Ill.App. 1988) | | |
| Homestead Proceeds one year | 735 ILCS 5/12-906 | | |
| Necessary Apparel, Bible, Pictures | 735 ILCS 5/12-1001(a) | $300.00 | $300.00 |
| Federal Statute Restitutions | 735 ILCS 5/12-1001(h)(5) | | |
| Motor Vehicle to $1200 | 735 ILCS 5/12-1001(c) | $1,200.00 | $5,590.00 |
| Personal Injury Recovery to $7500 | 735 ILCS 5/12-1001(h) | | |
| Wrongful Death Recovery for Support | 735 ILCS 5/12-1001(h) | | |
| Misc. Personal Property to $2000 | 735 ILCS 1001(b) | | |
| Health Aids | 735 ILCS 5/12-1001(e) | | |
| Alimony/Child Support | 735 ILCS 5/12-1001(g) | | |
| Unemployment Compensation | 735 ILCS 5/12-1001(g) | | |
| Workers' Compensation | 735 ILCS 305/21 | | |
| Veterans Benefits | 735 ILCS 5/12-1001(g) | | |
| Welfare Benefits | 735 ILCS 5/12-1001(g) | | |
| Social Security | 735 ILCS 5/12-1001(g) | | |
| Crime Victims' Compensation | 735 ILCS 5/12-1001(h) | | |
| Tools/Equipment/Books of Trade to $750 | 735 ILCS 5/12-1001(d) | | |
| Retirement Plans | 735 ILCS 5/12-1006 | | |
| Life Insurance For Dependent | Ill.Ann.Stat. 73-853 | | |
| Life Insurance For Support | 735 ILCS 5/12-1001(h) | | |

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT  1 - 2

In re   Steven Rayford,                                    Case No.

                        Debtor(s).                 Chapter 13

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Life Insurance Proceeds For Spouse/Child) | 735 ILCS 5/12-1001(h) | | |
| Fishermen, seamen, apprentice wages | 46 U.S.C. § 601 | | |
| Social Security Benefits | 42 U.S.C. § 407 | | |
| Longshore/harbor worker's benefits | 33 U.S.C. § 916 | | |
| Veteran's benefits | 45 U.S.C. § 352(E) | | |
| Civil Service Retirement | 5 U.S.C. § 729 | | |
| Railroad Retirement | 45 U.S.C. § 228(l) | | |
| Seamen's Clothing | 46 U.S.C. § 11110 | | |
| Seamen's Contract Wages | 46 U.S.C. § 11111 | | |
| 75% Earned Unpaid Wages | 15 U.S.C. § 1673 | | |

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT  2 - 2

In re    Steven Rayford,                        Case No.

                Debtor(s).          Chapter 13

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J,", or "C" in the column labeled "Husband, Wife, Joint, or Community."
If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)
Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.
Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W or C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Acct. No.<br><br>Excalibur Motors, Inc.<br>222 Ruby Street<br>Joliet, IL 60435 | | | October 2003<br>purchase money security interest<br>1992 Plymouth Voyager<br>VALUE   $1,750.00 | | | | $1,000.00 | |
| Acct. No. 00000026648035<br><br>Ford Credit<br>PO Box 219825<br>Kansas City, MO 64121-9825 | X | | purchase money security interest<br>2001 Ford Focus<br>VALUE   $647.37 | | | | $12,307.99 | $11,660.62 |
| Acct. No.<br><br>Union Auto Sales<br>8700 South Chicago Avenue<br>Chicago, IL 60617 | | | 3-20-04<br>purchase money security interest<br>1993 Chevrolet Lumina<br>VALUE   $3,840.00 | | | | $2,880.00<br>(to be paid outside of plan) | |
| | | | | | | Subtotal this page ▸ | $16,187.99 | |
| | | | | | | TOTAL ▸ | $16,187.99 | |

**SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS   1 - 1**

In re    Steven Rayford,                                    Case No.

                          Debtor(s).                         Chapter 13

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, *if* any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C' in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of a debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick pay owing to employees, up to a maximum of $4650* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $2100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, maintenance, and support**
Debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child. 11 U.S.C. § 507(a)(7).

☐ **Taxes and other certain debts owed to governmental units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS  1 - 1

In re    Steven Rayford,                                    Case No.

Debtor(s).                          Chapter 13

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules

☐ Check this box if debtor has no creditors holding unsecured non-priority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJ or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Acct. No. 715500<br>Albertsons/Osco/Sav-On Drug Stores<br>ATTN: Store Debt Recovery<br>PO Box 309<br>Franklin Park, IL  60131 | | | 9-25-01 | | | | $48.50 |
| Acct. No.<br>Budimir Radojcic<br>5205 S. Prairie<br>Chicago, IL  60615 | | | May 2003<br>residential lease | | X | | $2,400.00 |
| Acct. No. 65359636<br>City of Chicago<br>Dept. of Revenue - EMS<br>PO Box 805030<br>Chicago, IL  60680 | | | 4-9-01<br>ambulance service | | | | $185.00 |
| Acct. No. 03CP062347<br>City of Chicago<br>Dept. of Administrative Hearings<br>400 W. Superior Street<br>Chicago, IL | | | | | | | $50.00 |
| Acct. No. 9007781052<br>ComEd<br>Bankruptcy Department<br>2100 Swift Drive<br>Oak Brook, IL  60523 | X | J | electrical service | | | | $481.27 |
| Acct. No. 7934465010<br>ComEd<br>Bankrutpcy Department<br>2100 Swift Drive<br>Oak Brook, IL  60523 | | H | electrical service | | | | $460.00 |
| | | | | | | Subtotal this page ▸ | $3,624.77 |

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS  1 - 2

In re      Steven  Rayford,                                        Case No.

                         Debtor(s).                    Chapter 13

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJ or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Acct. No. 4447 9601 2040 5814<br>First National Bank of Marin<br>PO Box 98873<br>Las Vegas, NV 89193 | | | | | | | $420.00 |
| Acct. No. 6207<br>Loan Express<br>28 East Jackson, 13th floor<br>Chicago, IL 60604 | | | | | | | $154.00 |
| Acct. No. 3 5000 2 6178162<br>Peoples Energy<br>ATTN: Special Projects<br>130 E. Randolph Drive<br>Chicago, IL 60601 | | H | gas service | | | | $193.77 |
| Acct. No. 7737784035301<br>SBC Illinois<br>c/o CFC Financial, LLC<br>PO Box 909887<br>Chicago, IL 60690-9887 | | | | | | | $1,099.65 |
| Acct. No.<br>Stable Motors, Inc.<br>PO Box 496212<br>Chicago, IL 60649-6212 | | | | | | | $200.00 |
| Acct. No.<br>TCF National Bank<br>800 Burr Ridge Parkway<br>Burr Ridge, IL 60527 | | | overdrafts | | | | $1,100.00 |
| Acct. No. 20336080-5<br>Trinity Hospital<br>PO Box 70173<br>Chicago, IL 60673-0173 | | | 8-17-01 | | | | $193.00 |
| | | | | Subtotal this page ▸ | | | $3,360.42 |
| | | | | TOTAL $ ▸ | | | $6,985.19 |

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS  2 - 2

In re    Steven Rayford,                                    Case No.

                              Debtor(s).                    Chapter 13

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:  A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

■ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
|  |  |

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES  1 - 1

In re   Steven Rayford,                                    Case No.

                          Debtor(s).              Chapter 13

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case, should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| Serrata Tate<br>2901 S. Michigan,  Apt. 1302<br>Chicago, IL   60616 | Ford Credit<br>PO Box 219825<br>Kansas City, MO 64121-9825 |

SCHEDULE H - CODEBTORS  1 - 1

In re    Steven Rayford,                                        Case No.

                    Debtor(s).                    Chapter 13

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP: | AGE: |
| | n/a | n/a |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Custodian** | None. |
| Name of Employer | **City Colleges of Chicago** | None. |
| How long employed | **3.5 years** | n/a |
| Address of Employer | **n/a** | n/a |

| Income: (Estimate of average monthly income) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current monthly gross wages, salary and commissions (pro rata if not paid monthly) | $ | $2,104.00 | $ | 0.00 |
| Estimated monthly overtime | $ | 0.00 | $ | 0.00 |
| **SUBTOTAL** | $ | 2,104.00 | $ | 0.00 |
| LESS PAYROLL DEDUCTIONS a. Payroll taxes and social security | $ | $270.88 | $ | 0.00 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | $41.60 | $ | 0.00 |
| d. Other (specify): Retirement None. | $ | $160.00 | $ | 0.00 |
| **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 472.48 | $ | 0.00 |
| **TOTAL NET MONTHLY TAKE-HOME PAY** | $ | 1,631.52 | $ | 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ | 0.00 |
| Income from real property | $ | 0.00 | $ | 0.00 |
| Interest and dividends | $ | 0.00 | $ | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| Social security or other government assistance (specify): SSI - **daughter** None. | $ | $370.00 | $ | 0.00 |
| Pension or retirement income | $ | 0.00 | $ | 0.00 |
| Other monthly income (specify): Debtor - None.  Spouse - None. | $ | 0.00 | $ | 0.00 |
| **TOTAL MONTHLY INCOME** | $ | 2,001.52 | $ | 0.00 |

**TOTAL COMBINED MONTHLY INCOME $    2,001.52**          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:  None.

In re    Steven Rayford,                                        Case No.

                        Debtor(s).                    Chapter 13

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.
☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | $600.00 |
|     Are real estate taxes included?  n/a | | |
|     Is property insurance included?  n/a | | |
| Utilities:  Electricity and heating fuel | $ | 55.00 |
|     Water and sewer | $ | 0.00 |
|     Telephone | $ | $110.00 |
|     Other (specify):  None. | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | $300.00 |
| Clothing | $ | $120.00 |
| Laundry and dry cleaning | $ | $60.00 |
| Medical and dental expenses | $ | 0.00 |
| Transportation (not including car payments) | $ | $80.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payment) | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 0.00 |
|     Health | $ | 0.00 |
|     Auto | $ | $77.00 |
|     Other (specify):  None. | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify)  None. | $ | 0.00 |
| Installment payments | | |
|     Auto | $ | $320.00 |
|     Other:  None. | $ | 0.00 |
| Alimony, maintenance and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession or farm.  (attach detailed statement) | $ | 0.00 |
| Other:  None. | $ | 0.00 |
| **TOTAL MONTHLY EXPENSES**  (Report also on Summary of Schedules) | $ | 1,722.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)  Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | 2,001.52 |
| B. Total projected monthly expenses | $ | 1,722.00 |
| C. Excess income (A minus B) | $ | 279.52 |
| D. Total amount to be paid into plan each month. | $ | 279.52 |

In re    Steven Rayford,                                    Case No.

                              Debtor(s).              Chapter 13

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 14 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: __6-7-04__          Signature __Steven Rayford__

                                          Steven Rayford, Debtor

Date: _____    Signature _____

                                          (If joint case, both spouses must sign)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF
### CORPORATION OR PARTNERSHIP

I, the [the president or other officer or an authorized agent of the partnership] of the [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  sheets, and that they are true and correct to the best of my knowledge, information and belief.

                              by
Date: _____    Signature _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
### (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or typed name of Bankruptcy Petition Preparer

_____
Social Security No. (Required by 11 U.S.C. Sec. 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____
Signature of Bankruptcy Petition Preparer        Date
*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110 and 18  U.S.C. § 156.*

*Penalty for making a false statement or concealing property.*
*Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In re    Steven Rayford,                                        Case No.

                    Debtor(s).                      Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In Business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. Sec. 101.

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.).

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $10,520 | 2004 employment |
| $27,000 | 2003 employment |
| $23,000 | 2002 employment |

### 2. Income other than from employment or operation of business

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| n/a | |

### 3. Payments to creditors

None ■

3.a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| n/a | | | |

In re    Steven  Rayford,                                    Case No.

                        Debtor(s).                    Chapter 13

### STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

None ■   3.b. List all payments made within <u>one year</u> immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

n/a

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■   4.a.  List all suits and administrative proceedings to which the debtor is or was a party within <u>one year</u> immediately preceding the commencement of this bankruptcy case (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.).

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

n/a

None ■   4.b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within <u>one year</u> immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

n/a

### 5. Repossessions, foreclosures and returns

None ■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within <u>one year</u> immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

n/a

### 6. Assignments and receiverships

None ■   6.a.  Describe any assignment of property for the benefit of creditors made within <u>120 days</u> immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

n/a

STATEMENT OF FINANCIAL AFFAIRS  2 -10

In re   Steven Rayford,                          Case No.

                        Debtor(s).              Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

**None**
■

6.b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT, CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

n/a

**7. Gifts**
**None**
■

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

n/a

**8. Losses**
**None**
■

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

n/a

**9. Payments related to debt counseling or bankruptcy**
**None**
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy with one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Ricardo L. Tate 70 West Madison, Ste. 1400 Chicago, IL 60602 | September 2003 | $186.00 |

STATEMENT OF FINANCIAL AFFAIRS  3 -10

In re   Steven Rayford,                                Case No.

                          Debtor(s).                   Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

### 10. Other transfers

None ■

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

n/a

### 11. Closed financial accounts

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

n/a

### 12. Safe deposit boxes

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

n/a

### 13. Setoffs

None ■

List all setoffs made by any creditor, including a bank, against a debt of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

n/a

### 14. Property held for another person

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

n/a

STATEMENT OF FINANCIAL AFFAIRS  4 -10

In re      Steven Rayford,                                      Case No.

                              Debtor(s).                 Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

**15. Prior address of debtor**

None
■

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

n/a

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six- year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

n/a

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination,
releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
■

17.a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

n/a

None
■

17.b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

n/a

STATEMENT OF FINANCIAL AFFAIRS  5 -10

In re    Steven Rayford,                                        Case No.

                              Debtor(s).                        Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

None
■
17.c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

n/a

**18. Nature, location and name of business**

None
■
If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|---|---|---|---|---|

n/a

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business. as defined above. within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■
19.a. List all bookkeepers and accountants who, within the <u>two years</u> immediately preceding the commencement of this bankruptcy case, kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

n/a

STATEMENT OF FINANCIAL AFFAIRS  6 -10

In re    Steven Rayford,                                    Case No.

                        Debtor(s).                    Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

None
■

19.b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATE SERVICES RENDERED |
|------|---------|------------------------|

n/a

None
■

19.c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|

n/a

None
■

19.d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

n/a

## 20. Inventories

None
■

20.a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market, or other basis) |
|-------------------|----------------------|-------------------------------------------------------------------|

n/a

None
■

20.b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

n/a

## 21. Current Partners, Officers, Directors and Shareholders

None
■

21.a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

n/a

STATEMENT OF FINANCIAL AFFAIRS  7 -10

In re    Steven Rayford,                                    Case No.

                        Debtor(s).                          Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

None ■    21.b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| n/a | | |

## 22. Former partners, officers, directors and shareholders

None ■    22.a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| n/a | | |

None ■    22.b. If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| n/a | | |

## 23. Withdrawals from a partnership or distribution by a corporation

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| n/a | | |

## 24. Tax Consolidation Group

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|
| n/a | |

STATEMENT OF FINANCIAL AFFAIRS  8 -10

In re    Steven Rayford,                                    Case No.

                              Debtor(s).                    Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

**25. Pension Funds**

None ■   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

|  NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|
| n/a |  |

*     *     *     *     *     *

STATEMENT OF FINANCIAL AFFAIRS  9 -10

In re    Steven Rayford,                                    Case No.

                        Debtor(s).              Chapter 13

## STATEMENT OF FINANCIAL AFFAIRS
### (Continuation Sheet)

*[If completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: 6-1-04                    *Steven Rayford*
                                Steven Rayford,
                                **Signature of Debtor**

Date_____        _____

                                **Signature of Joint Debtor (if any)**

*[If completed on behalf of a partnership or corporation]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date_____        by _____
                                **Signature**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
(See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____    _____
Printed or typed name of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. Sec. 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____    _____
Signature of Bankruptcy Petition Preparer           Date

*A bankruptcy petition preparer's failure to comply with the provisions of Title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110 and 18 U.S.C. § 156.*

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

STATEMENT OF FINANCIAL AFFAIRS  10 -10

B201 (Rev. 12/00)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

> The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)

1.    Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.    Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.    The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.    Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.    Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)

1.    Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are eligible for chapter 13 only if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.    Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.    Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.    After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $30 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

I, the debtor, affirm that I have read this notice.

07 / 28 / 03
Date

_Steven Rayford_
Signature of Debtor

Case Number

**DISTRIBUTION:**          **DEBTOR**          **COURT**

*U.S. GPO: 2001-746-454/80267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In re

Steven Rayford,

Case No.



Debtor(s).

Address
9135 S. Yates
Chicago, IL 60617

Chapter 13

Last four digits of Social Security No(s).
0499
Employer's Tax Identification Nos. [if any]
No TIN.

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b),  I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept $ $800.00

    Prior to the filing of this statement

     I have received...............$ $186.00

     Balance Due...................$ $614.00

2. The source of the compensation paid to me was:
    ■ Debtor

3. The source of compensation to be paid me is:
    ■ Debtor

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

DISCLOSURE OF COMPENSATION 1 - 2

b.   Preparation and filing of any petition, schedules,     statement of affairs and plan which may be required;

c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d.   [Other provisions as needed]: See attached Model Fee Agreement.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services: representation of the debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

6-7-04

*Date*

RICARDO L. TATE,
*Attorney for Debtor(s)*

RICARDO L. TATE

*Name of Law Firm*

---

**DISCLOSURE OF COMPENSATION 2 - 2**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation.  It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial.  Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also.  In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### BEFORE THE CASE IS FILED

#### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

#### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.  (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

*4. Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

*5. Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date:

_7-28-05_

Signed: X _Steven Rayford_          _Richard G. Tu_

                                         Attorney for Debtor(s)

Debtor(s)